## THORNBERRY and Another v. PRESCOTT.

CONTRACT—CONDITION.—*A* sued *B* upon a note for $100, payable "on condition that *B* shall be accepted as a substitute for *A*, who has been drafted to serve in the United States army for nine months, subjecting himself to all the duties and obligations required of *A*." The defendant answered that plaintiff was not accepted as a substitute as set forth and required by the conditions of said note, nor did he offer himself as such substitute, but refused to do so, and fraudulently procured one *C* to be presented and accepted as a substitute for *B*, and that *C* immediately thereafter deserted from said service, without serving one-tenth part of said term of nine months, etc., and that *B* fraudulently aided and advised said *C* to desert. *Held*, that the contract sued on in this case is one of substitution merely, and the condition was complied with by the act of being mustered into the service

APPEAL from the *Morgan* Circuit Court.

GREGORY, J.—*Prescott* sued *Thornberry* and *Watson* on the following note:

"On and before the 25th day of *December*, 1863, we, or either of us, promise to pay to *David Prescott* the sum of

$200, without relief from valuation or appraisement laws. *October* 14, 1862.

" The above note is to be paid only on condition that said *David Prescott* shall be accepted as a substitute for *Franklin Thornberry*, undersigned, who has been drafted to serve in the United States army for nine months, subjecting himself to all the duties and obligations required of said *Franklin· Thornberry.*

(Signed,) " B. F. THORNBERRY.<br>C. A. WATSON."

The plaintiff averred in his complaint performance of the condition.

The appellants answered: 1. General denial. 2. That plaintiff was not accepted as a substitute for defendant, *Thornberry*, who had been drafted to serve nine months in the United States army, as set forth and required by the conditions of the said note, nor did he offer himself as such substitute, but refused so to do ; but that plaintiff, after so refusing, fraudulently procured one *Young* to be presented and accepted as a substitute for defendant, *Thornberry*, and that *Young* immediately thereafter deserted from said service without serving one-tenth part of said term of nine months, and refusing to subject himself to all or any part of the duties and obligations required of defendant, *Thornberry;* and that plaintiff fraudulently aided and advised said *Young* so to desert.

The plaintiff demurred to the second paragraph of the answer; the demurrer was overruled, and he excepted.

He then replied: 1. General denial. 2. That, subsequent to the execution of said note, plaintiff informed said *Thornberry* that, in pursuance of the contract, he had procured one *Young* as his substitute; that he had been duly examined and mustered into the military service of the United States for nine months, and had been accepted as his (*Thornberry's*) substitute, whereby he was released and discharged from said draft; that *Thornberry* then and

there, and at divers other times, expressed himself perfectly satisfied with the substitution of *Young* for plaintiff as his substitute, as his only object in procuring a substitute was to release him from said military service, and then and there, and at divers other times, promised to pay said plaintiff the amount of said note, and further denies the allegation that plaintiff procured said *Young* to desert the army.

The appellants moved to strike out the second paragraph of the reply, on the alleged ground of a departure. The motion was overruled, and they excepted.

Trial by the court; finding for the plaintiff for the amount secured by the note. Motion for a new trial overruled, and a bill of exceptions taken and filed, setting out the evidence.

The testimony strongly sustains the second paragraph of the reply.

In our opinion the contract in this case was one for substitution merely; the latter clause of the condition, " *subjecting* himself to all the duties and obligations required of said *Franklin Thornberry*," is not an agreement to serve the government for nine months. As soon as the substitute was mustered into the service of the *United States*, he *subjected* himself to all the duties and obligations required of the drafted man for whom he was substituted. The condition was complied with by the act of being mustered into the service. There was nothing in the nature of the thing to be done which forbade the performance in the mode adopted by the public.

There is no error in the pleadings of which the appellants can complain. The statute expressly provides, that " the court must, in every stage of the action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment can be reversed or affected by reason of such error or defect." 2 G. & H. 122, sec. 101.

The plaintiff averred performance of the condition; the

defendants by the general denial put this matter in issue, and if the appellants are right, that the second paragraph of the reply is a departure, it was only a reply to the second paragraph of the answer, which was itself but an argumentative denial of the matters averred in the complaint. The defendants, under their theory of the case, should have objected to the testimony when offered, on the ground that it was not within the issues.

In looking through the whole case, we are of opinion that substantial justice was done between the parties, and for that reason, if for no other, the judgment below ought to be affirmed.

Judgment affirmed, with one per cent. damages and costs.

*W. R. Harrison* and *W. S. Shirley*, for appellants.
*Glessner & Phelps*, for appellee.